FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 14 2010

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARIA FATIMA RESENDE             PLAINTIFF

VS.      CASE NO.: 3:10CV00313-JLH

This case assigned to District Judge Holmes
and to Magistrate Judge Ray

CHICK-FIL-A, INC., and MICHAEL FULLINGTON,
INDIVIDUALLY AND IN HIS CAPACITY AS FRANCHISE
OPERATOR OF CHICK-FIL-A AT TURTLE CREEK      DEFENDANTS

## COMPLAINT

Comes now the Plaintiff, Maria Fatima Resende, by and through her attorneys, the Mixon Law Firm, and for her Complaint states:

1. Plaintiff is entitled to relief for racially based discriminatory acts committed against her by Defendants, Chick-Fil-A, Inc. and Michael Fullington, individually and in his capacity as franchise operator at Chick-Fil-A at Turtle Creek in Jonesboro, Arkansas, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the Civil Rights Act of 1991, and the Arkansas Civil Rights Act of 1993 ("ARCA") codified as A.C.A. § 16-123-101, et. seq. This action is also brought pursuant 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991.

2. Section 703 of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1), provides that it is "an unlawful employment practice for an employer…to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex or national origin."

## JURISDICTION

3. This Court has jurisdiction for this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e, et. seq, which allows for injunctive and other remedial relief, as well as damages

for discrimination in employment. Plaintiff seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 declaring that Defendants discriminated against her in the terms and conditions of her employment. This Court also has jurisdiction over Plaintiff's claims under the Arkansas Civil Rights Act pursuant to the plenary power of the Court to invoke its pendant jurisdiction over a cause of action arising under the law of the State of Arkansas. In addition, this Court has personal jurisdiction over the parties.

4. Venue is proper under 28 U.S.C. § 1391(b) and 42 U.S.C. §2000e-5(f) (3), as the alleged unlawful employment practices were committed within the Eastern District of the State of Arkansas.

5. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Plaintiff a Right to Sue letter on the race and national origin discrimination charge on or about September 15, 2010. (See Exhibit A). Plaintiff now files this action within 90 days of receiving her Notice of Right to Sue.

## PARTIES

6. Plaintiff, Maria Fatima Resende, is a citizen of the United States and currently residing in Jonesboro, Arkansas. At the time of the events giving rise to this Complaint, Plaintiff was a resident of Jonesboro, Craighead County, Arkansas. Plaintiff's race as Latino and Brazilian national origin make her a protected person within the meaning of Title VII, 42 U.S.C. § 1981, and the Arkansas Civil Rights Act.

7. Defendant Chick-Fil-A, Inc., is a foreign corporation organized under the laws of Georgia, authorized to do business in the State of Arkansas for profit. The agent for service for Defendant Chick-Fil-A, Inc., is the Corporation Service Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

8. Defendant Chick-Fil-A, Inc., is a fast-food service restaurant and at all relevant times has been and is now doing business in the State of Arkansas and in the city of Jonesboro.

9. Defendant Chick-Fil-A, Inc., is an employer within the meaning and coverage of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq.*

10. Defendant Michael Fullington is the franchise operator of the Chick-Fil-A location at 1800 Stadium Boulevard, Jonesboro, Arkansas. Plaintiff believes that Defendant Fullington operates the franchise as a sole proprietor in the state of Arkansas for profit. Defendant Fullington employs more than 15 employees at his restaurant location.

11. Plaintiff is unaware of the exact ownership arrangement between Defendant Chick-Fil-A Inc., and Defendant Fullington. Plaintiff believes that Chick-Fil-A Inc., owns and then leases, or leases and then subleases all of the underlying real estate premises upon which franchised Chick-Fil-A restaurants operate. Plaintiff further believes that in exchange for a franchise license, the franchise operator then pays the parent company a percentage of monthly gross sales and net profits.

## STATEMENT OF FACTS

12. Plaintiff is a Latino female with a Brazilian national origin whose date of birth is May 17, 1965.

13. Plaintiff began to work for a Chick-Fil-A restaurant in Broward, Florida, on or about October 20, 2000. Plaintiff worked at this location for approximately six years and gained experience in how to run a Chick-Fil-A kitchen. While working at this location, Plaintiff was promoted to be a kitchen team leader.

14. In 2006, Plaintiff moved to Jonesboro, Arkansas, to work at the new Chick-Fil-A location at Turtle Creek. She began to work at the Jonesboro location on or about September 10,

2006. Plaintiff worked as the morning-shift kitchen team leader and was earning a bi-monthly net salary of $1067.87. Plaintiff's job duties as kitchen team leader included opening up the restaurant; ordering and receiving inventory and produce; and making the kitchen run smoothly.

15. Throughout her tenure, Plaintiff met or exceeded all legitimate work expectations of Defendants.

16. Defendant Fullington became the new franchise operator of the Chick-Fil-A at Turtle Creek on December 1, 2008. He changed the management structure so that the employee performing Plaintiff's job duties was now labeled as kitchen manager and not as kitchen team leader.

17. Defendant Fullington told employees when he first arrived that no one was supposed to speak in foreign languages on the restaurant premises.

18. Even though Plaintiff had almost eight years of experience, her job duties then went from being the morning-shift kitchen team leader to a dishwasher/salad preparer. Defendant Fullington either effectively demoted Plaintiff to a lower position or did not hire her as a kitchen manager.

19. Defendant Fullington then moved the night-shift kitchen team leader, who was a Caucasian male, to Plaintiff's morning-shift and hired a Caucasian woman to fulfill the night-shift kitchen manager position. The Caucasian woman did not possess Plaintiff's qualifications as being a kitchen manager.

20. Although Plaintiff was working at a lower position in the restaurant, she still kept her same salary based upon her years of experience. Nonetheless, Plaintiff was told by Defendant Fullington not to tell people she had been with the company for so long.

21. Around March of 2009, the Caucasian male that was moved to Plaintiff's morning-shift kitchen position quit working for the restaurant. Instead of moving Plaintiff back to her position, Defendant Fullington hired another Caucasian woman.

22. From December of 2008 until April of 2009, Plaintiff had to wash dishes every day that she worked. No other employee was made to wash dishes every single work day.

23. In April of 2009, Plaintiff's main job duty changed to preparing salads and party trays. Plaintiff had years of experience in preparing salads and making party trays.

24. In an effort to make Plaintiff quit, Defendant Fullington overloaded Plaintiff with party tray orders that had to be ready within a short time frame. Instead of quitting, Plaintiff would take shorter lunch breaks or skip lunch all together so that the party tray orders would be completed. Plaintiff continued to be overloaded with orders up until she was terminated.

25. On or about July 29, 2009, Plaintiff called her mother on her lunch break while she sat down in the restaurant's dining area. Plaintiff was talking to her mother in Portuguese. Plaintiff was then told by Defendant Fullington's son to "speak English" because of the "no foreign language" rule.

26. On or about September 10, 2009, Plaintiff was working in the kitchen and was singing a religious song to herself in Portuguese. Defendant Fullington walked into the kitchen while Plaintiff was singing. Plaintiff had her back turned to Defendant Fullington, but she could feel his eyes staring at her. A short time later, Defendant Fullington called Plaintiff into his office and handed her a termination letter.

27. The letter stated that Plaintiff was terminated because she was consistently abusive to fellow employees that created an environment in which it was more difficult to maintain high employee morale; that her speed of service was not sufficient for their current

needs; and that she resisted instruction for improvement from her supervisors. (See attached Exhibit B).

28. At the time Plaintiff was terminated, she had almost nine years of experience in working for Chick-Fil-A restaurants; she was paid a higher salary than other employees in her work position at her location; she was told not to speak in her native language; she had been demoted from having the duties of a kitchen manager to dishwasher/salad preparer and replaced with a Caucasian woman, while the Caucasian male continued to keep his position as kitchen manager; when that Caucasian male quit his position, Defendant Fullington replaced him with a Caucasian woman instead of promoting Plaintiff back to her former position; and then Plaintiff was overloaded by Defendant Fullington with party tray orders.

29. Defendant Fullington did everything in his power to make Plaintiff quit. He knew that if he got rid of Plaintiff right away his actions would look discriminatory because of Plaintiff's long history with Chick-Fil-A restaurants. Therefore, Defendant Fullington demoted her to dishwasher, but Plaintiff stayed with the job. He then moved her to doing salad and party tray preparer and overloaded her with orders, but Plaintiff stayed with her job. He then allowed his son to harass Plaintiff while on her lunch break, but Plaintiff stayed with the job.

### COUNT I: VIOLATION OF 42 U.S.C. § 2000e, *et.seq.* RACIAL DISCRIMINATION

30. Defendant Chick-Fil-A Inc., by and through its agent Defendant Fullington, has discriminated against Plaintiff because of race (Latino) and national origin (Brazilian) in that Plaintiff was treated differently as compared to similarly situated Caucasian employees and ultimately terminated.

31. Additionally, the reasons given by Defendant Fullington for Plaintiff's different treatment and ultimate discharge are a mere pretext for discrimination based upon Plaintiff's race and national origin.

32. Defendants' actions were willful and sufficiently egregious to warrant punitive damages against Defendants.

## COUNT II: VIOLATION OF THE ARKANSAS CIVIL RIGHTS ACT

33. The acts alleged are in violation of the Arkansas Civil Rights Act of 1993, A.C.A. § 16-12-101, *et. seq.*, in that Plaintiff was subjected to discrimination in the terms and conditions of her employment based upon her race and national origin.

34. Defendants violated Plaintiff's right to hold employment without discrimination. Further, Defendants violated Plaintiff's rights by subjecting her to a working environment that was hostile because of her race and national origin.

35. Defendants' actions were willful and sufficiently egregious to warrant punitive damages against Defendants.

## COUNT III: VIOLATION OF RIGHT TO BENEFITS UNDER CONTRACT

36. Plaintiff had a contract of employment with Defendants under the law of the State of Arkansas. Such contract could not be terminated, nor could Plaintiff be deprived of the benefits of the contract because of her race or national origin.

37. An employer may not lawfully violate 42 U.S.C. § 1981 by subjecting such an employee to a work environment that is hostile because of Plaintiff's race or national origin. Further, an employer may not lawfully violate 42 U.S.C. § 1981 by discharging an employee, even an at-will employee, for a racially discriminatory reason.

38. Defendants intentionally deprived Plaintiff of the enjoyment of benefits, privileges, terms and conditions of the contractual relationship she had with Defendants because of her race and national origin.

39. Defendants' actions were willful and sufficiently egregious to warrant punitive damages against Defendants.

## DAMAGES

40. Plaintiff has suffered damages in an amount in excess of the minimal amount for federal diversity jurisdiction for the following elements:

    a. Loss of employment compensation, benefits and promotional opportunities past, present and reasonably certain to be suffered in the future; and

    b. Loss of self-esteem, mental anguish and emotional distress.

41. Additionally, Plaintiff seeks punitive damages up to the limits permitted by law for violation of Title VII and ARCA, and in an indeterminate sum to be awarded by a jury for violation of 42 U.S.C. § 1981.

WHEREFORE, Plaintiff prays that this Court grant her a declaratory judgment declaring that Defendants have violated the rights of Plaintiff as guaranteed by Title VII of the 1964 Civil Rights Act (as amended), 42 U.S.C. § 2000e, *et. seq.*, the Arkansas Civil Rights Act, and 42 U.S.C. § 1981; reinstate Plaintiff to her position as kitchen manager, or its equivalent; award Plaintiff full compensation for lost benefits associated with her employment, including back pay and for reinstatement or front pay, with interest, suffered to date and to be suffered in the future; award compensatory and punitive damages; award reasonable attorney's fees and costs; and grant any and all other relief to which she is entitled, collectively in an amount in excess of the amount required for federal diversity jurisdiction. **Plaintiff demands a trial by jury.**

Respectfully Submitted,

MIXON LAW FIRM
Attorneys for Plaintiff
P.O. Box 1442
Jonesboro, Arkansas 72403
870-935-8600

By: _____
    Rebecca Worsham AR BAR # 2009260
    Donn Mixon AR BAR #76079

## VERIFICATION

STATE OF ARKANSAS
COUNTY OF CRAIGHEAD

I, Marie Fatima Resende, state under oath that I have read the above and foregoing Complaint, understand it, and that the statements contained therein are true and correct to the best of my knowledge, information, and belief.

_____
Marie Fatima Resende

Subscribed and sworn before me this 13th day of December, 2010.

_____
Notary Public

My commission expires: 7/1/2012

OFFICIAL SEAL
SHIRLEY PARK
NOTARY PUBLIC-ARKANSAS
CRAIGHEAD COUNTY
MY COMMISSION EXPIRES: 07-01-12