IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


MARIA FATIMA RESENDE                                                    PLAINTIFF


V.                              NO. 3:10-CV-313-JLH


CHICK-FIL-A, INC. AND MICHAEL FULLINGTON,
INDIVIDUALLY AND IN HIS CAPACITY AS FRANCHISE
OPERATOR OF CHICK-FIL-A AT TURTLE CREEK                    DEFENDANTS


## ANSWER

COME NOW the Defendants, Chick-fil-A, Inc. and Michael Fullington, individually

and in his capacity as franchise operator of Chick-fil-A at Turtle Creek, and for their

Answer to the Complaint of the Plaintiff, Maria Fatima Resende, state:

1.      That Defendants deny the allegations contained within Paragraph 1 of

Plaintiff's Complaint;

2.      That, in response to Paragraph 2 of Plaintiff's Complaint, Defendants

state that Section 703 of the Civil Rights Act of 1964 ("Title VII"), codified at 42 U.S.C. §

2000e-2(a)(1), speaks for itself, and, to the extent the allegations contained within

Paragraph 2 of Plaintiff's Complaint are inconsistent with the language of Title VII,

those allegations are denied;

JURISDICTION

3.      That, in response to Paragraph 3 of Plaintiff's Complaint, Defendants

admit this Court has jurisdiction over Plaintiff's claims and that this Court has personal

jurisdiction over the parties; that Defendants deny the remaining allegations contained

within Paragraph 3 of Plaintiff's Complaint and, specifically, that Plaintiff is entitled to any relief sought in her Complaint;

4.     That, in response to Paragraph 4 of Plaintiff's Complaint, Defendants admit that venue is proper in the United States District Court for the Eastern District of Arkansas, but deny that venue is proper in the Western Division; that Defendants deny the remaining allegations contained within Paragraph 4 of Plaintiff's Complaint and, specifically, that any unlawful employment practices were committed by Defendants;

5.     That, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 5 of Plaintiff's Complaint regarding the date on which the Plaintiff filed a Charge of Discrimination with the U. S. Equal Employment Opportunity Commission (hereinafter referred to as "EEOC") and, therefore, denies the same; that Defendants admit the Dismissal and Notice of Rights was issued by on or about September 15, 2010, and a copy of the same is attached to the Plaintiff's Complaint as Exhibit "A"; that the document referred to in Paragraph 5 of Plaintiff's Complaint and attached thereto ("Notice of Right to Sue") speaks for itself, and, to the extent the allegations contained within Paragraph 5 of Plaintiff's Complaint are inconsistent with the language in that document, those allegations are denied;

PARTIES

6.     That Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 6 of Plaintiff's Complaint regarding the citizenship and residency of the Plaintiff and regarding the race and national origin of Plaintiff and, therefore, deny the same;

7.      That Defendants admit the allegations contained within Paragraph 7 of Plaintiff's Complaint;

8.      That, in response to the allegations contained within Paragraph 8 of Plaintiff's Complaint, Defendants admit that Separate Defendant, Chick-fil-A, Inc., is a quick-service restaurant with a franchise located in Jonesboro, Arkansas.

9.      That Defendants admit the allegations contained within Paragraph 9 of Plaintiff's Complaint, but deny that the Plaintiff was an employee of Separate Defendant, Chick-fil-A, Inc.;

10.     That Defendants admit the allegations contained within Paragraph 10 of Plaintiff's Complaint;

11.     That Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 11 of Plaintiff's Complaint and, therefore, deny the same;

## STATEMENT OF FACTS

12.     That Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 12 of Plaintiff's Complaint and, therefore, deny the same;

13.     That Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 13 of Plaintiff's Complaint and, therefore, deny the same;

14.     That Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 14 of Plaintiff's Complaint and, therefore, deny the same;

3

15.     That Defendants deny the allegations contained within Paragraph 15 of Plaintiff's Complaint;

16.     That, in response to Paragraph 16 of Plaintiff's Complaint, Defendants admit that Separate Defendant, Michael Fullington, became the franchise operator of the Chick-fil-A at Turtle Creek on December 1, 2008; that Defendants deny the remaining allegations contained within Paragraph 16 of Plaintiff's Complaint;

17.     That Defendants deny the allegations contained within Paragraph 17 of Plaintiff's Complaint;

18.     That Defendants deny the allegations contained within Paragraph 18 of Plaintiff's Complaint;

19.     That Defendants deny the allegations contained within Paragraph 19 of Plaintiff's Complaint;

20.     That Defendants deny the allegations contained within Paragraph 20 of Plaintiff's Complaint;

21.     That Defendants deny the allegations contained within Paragraph 21 of Plaintiff's Complaint;

22.     That Defendants deny the allegations contained within Paragraph 22 of Plaintiff's Complaint;

23.     That Defendants deny the allegations contained within Paragraph 23 of Plaintiff's Complaint;

24.     That Defendants deny the allegations contained within Paragraph 24 of Plaintiff's Complaint;

4

25.     That Defendants deny the allegations contained within Paragraph 25 of Plaintiff's Complaint;

26.     That Defendants deny the allegations contained within Paragraph 26 of Plaintiff's Complaint;

27.     That Defendants deny the allegations contained within Paragraph 27 of Plaintiff's Complaint; that the document referred to in Paragraph 27 of Plaintiff's Complaint and attached thereto ("termination letter") speaks for itself, and, to the extent the allegations contained within Paragraph 27 of Plaintiff's Complaint are inconsistent with the language in that document, those allegations are denied;

28.     That Defendants deny the allegations contained within Paragraph 28 of Plaintiff's Complaint;

29.     That Defendants deny the allegations contained within Paragraph 29 of Plaintiff's Complaint;

## COUNT1: VIOLATION OF 42 U.S.C. § 2000e, *et seq*. RACIAL DISCRIMINATION

30.     That Defendants deny the allegations contained within Paragraph 30 of Plaintiff's Complaint;

31.     That Defendants deny the allegations contained within Paragraph 31 of Plaintiff's Complaint;

32.     That Defendants deny the allegations contained within Paragraph 32 of Plaintiff's Complaint;

## COUNT II: VIOLATION OF THE ARKANSAS CIVIL RIGHTS ACT

33.     That Defendants deny the allegations contained within Paragraph 33 of Plaintiff's Complaint;

34.     That Defendants deny the allegations contained within Paragraph 34 of Plaintiff's Complaint;

35.     That Defendants deny the allegations contained within Paragraph 35 of Plaintiff's Complaint;

<u>COUNT III: VIOLATION OF RIGHT TO BENEFITS UNDER CONTRACT</u>

36.     That Defendants deny the allegations contained within Paragraph 36 of Plaintiff's Complaint;

37.     That, in response to Paragraph 37 of Plaintiff's Complaint, Defendants state that 42 U.S.C. § 1981 speaks for itself, and, to the extent the allegations contained within Paragraph 37 of Plaintiff's Complaint are inconsistent with the language of 42 U.S.C. § 1981, those allegations are denied; that Defendants specifically deny any and all allegations contained within Paragraph 37 suggesting that their actions violated 42 U.S.C. § 1981;

38.     That Defendants deny the allegations contained within Paragraph 38 of Plaintiff's Complaint;

39.     That Defendants deny the allegations contained within Paragraph 39 of Plaintiff's Complaint;

<u>DAMAGES</u>

40.     That Defendants deny the allegations contained within Paragraph 40 of Plaintiff's Complaint, including subparts (a) and (b);

41.     That Defendants deny Plaintiff is entitled to an award of punitive damages;

42.     That Defendants deny Plaintiff is entitled to the relief sought in the "WHEREFORE" clause of Plaintiff's Complaint, but concurs with Plaintiff and respectfully requests a trial by jury on all issues of fact arising herein;

43.     That Defendants deny all material allegations contained within Plaintiff's Complaint not, specifically, admitted herein;

## AFFIRMATIVE DEFENSES

44.     That, pleading affirmatively, the Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. Rule 12 (b)(6) for failure to state a claim upon which relief may be granted;

45.     That, pleading affirmatively, the Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. Rules 12(b)(4) and 12(b)(5) for insufficient process and insufficient service of process, respectively;

46.     That, pleading affirmatively, Defendants plead and claim any and all benefits, as applicable, derived from Act 649 of the Acts of Arkansas, which became effective March 25, 2003;

47.     That, pleading affirmatively, Defendants plead and claim any and all defenses, which may be applicable, pursuant to Fed. R. Civ. P. Rule 8(c);

48.     That, pleading affirmatively, Defendants state Plaintiff is not entitled to an award of punitive damages and such an award is in violation of the Due Process Clauses contained in the Fifth and Fourteenth Amendments to the United States Constitution and applicable provisions of the Arkansas Constitution in that:

(a) said damages are intended to punish and deter defendants, and, thus, this proceeding is essentially criminal in nature;

7

(b) in assessing such penalty or exemplary award, plaintiff need only

prove the theory of gross negligence on a preponderance of the evidence

standard and not a "beyond a reasonable doubt," as should be required in

assessing a punishment award;

(c) such awards are unduly vague and do not meet the requirements of

due process in that punitive and exemplary damages are not based on a

clearly defined statutory enactment setting forth specific requirements;

and

(d) defendants are subjected to all the hazards and risks of what amounts

to a fine; and, in fact, such awards often exceed nominal criminal fines,

but defendants receive none of the basic rights accorded to a criminal

defendant when being subjected to possible criminal penalties.

49.     That, pursuant to Ark. Code Ann. §16-55-211, and, in the event the fact

finder first determines that Plaintiff is entitled to punitive damages, Defendant requests

a bifurcated proceeding so that the fact finder may then determine whether and in what

amount punitive damages will be awarded;

50.     That, pleading affirmatively, all actions of the Defendants in dealing with

the Plaintiff were done so in good faith;

51.     That Defendants reserve the right to amend their Answer herein and

plead further pending the completion of discovery;

WHEREFORE, Defendants, Chick-fil-A, Inc. and Michael Fullington, individually

and in his capacity as franchise operator of Chick-fil-A at Turtle Creek, pray that the

Complaint of the Plaintiff, Maria Fatima Resende, be dismissed; for their attorneys' fees

and costs expended herein; for a trial by jury on all issues of fact arising herein; and for

all other just and proper relief to which they may be entitled.

Respectfully submitted,

By: /s/ J. Cotten Cunningham

J. Cotten Cunningham, Ark. Bar No. 97238
LASER LAW FIRM, P.A.
101 South Spring Street, Suite 300
Little Rock, Arkansas 72201
501-376-2981; Facsimile: 501-376-2417
*ccunningham@laserlaw.com*

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 3rd day of January, 2011, a copy of the above and foregoing pleading has been electronically filed with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Rebecca Worsham, Esq.
Donn Mixon, Esq.
MIXON LAW FIRM
503 Union
Post Office Box 1442
Jonesboro, Arkansas 72403
870-935-8600; Facsimile: 870-935-8622
*rworsham@mixonlawfirm.com*

/s/ J. Cotten Cunningham
J. Cotten Cunningham, Ark. Bar No. 97238
LASER LAW FIRM, P.A.
101 South Spring Street, Suite 300
Little Rock, Arkansas 72201
501-376-2981; Facsimile: 501-376-2417
*ccunningham@laserlaw.com*